JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960-6834
(973) 538-6890

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROGER OCHA, on behalf of himself and others similarly situated, | Civil Action No.: 11-cv-01382 (DMC) (JAD) |
| Plaintiffs, | |
| v. | **MOTION RETURN DATE:** **August 15, 2011** |
| PEARSON EDUCATION, INC. | |
| Defendant. | |

---

## DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

---

Of counsel:
William J. Anthony
Gregory T. Alvarez

On the brief:
William J. Anthony
Gregory T. Alvarez
James M. McDonnell

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................................ii

PRELIMINARY STATEMENT........................................................................... 1

POINT I

    PLAINTIFF STILL HAS NOT COMMENCED A
    COLLECTIVE ACTION UNDER THE FLSA AND ANY
    SUCH CLAIM IS TIME-BARRED BY THE APPLICABLE
    STATUTE OF LIMITATIONS ............................................................... 2

POINT II

    PLAINTIFF FAILED TO PLEAD A CAUSE OF ACTION
    FOR INDIVIDUAL RELIEF UNDER THE FLSA ............................................ 6

POINT III

    PLAINTIFF HAS NOT PLEAD SUFFICIENT FACTS TO
    EVEN SUGGEST A WILLFUL VIOLATION OF THE FLSA........................ 9

POINT IV

    THE COURT MUST DENY PLAINTIFF'S CROSS-MOTION
    TO AMEND THE COMPLAINT BECAUSE THE APPLICATION
    IS PORCEDURALLY DEFECTIVE ................................................................ 13

CONCLUSION ...................................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Adams v. St. John's River Shipbuilding Co.,
   69 F. Supp. 989 (S.D. Fla. 1947) .................................................................... 13

Brennan v. General Motors,
   482 F.2d 825 (5th Cir. 1973) ...................................................................... 11, 12

Cahill v. City of New Brunswick,
   99 F. Supp. 2d 464 (D.N.J. 2000) ........................................................... 3, 4, 5, 8

Davis v. Abercrombie & Fitch Co.,
   2008 U.S. Dist. LEXIS 86577 (S.D.N.Y. 2008) ......................................... 11, 12

Donovan v. Reno Builders Exchange,
   1984 U.S. Dist. LEXIS 20084 (D. Nev. 1984) .................................................. 13

Frye v. Baptist Memorial Hospital, Inc.,
   2011 U.S. Dist. LEXIS 45605 (W.D. Tenn., April 27, 2011) ........................ 7, 8

Glazewski v. Corzine,
   2008 U.S. Dist. LEXIS 55470 (July 22, 2008, D.N.J) ..................................... 14

Kuhn v. Philadelphia Electic Co.,
   487 F. Supp. 974 (E.D. Pa. 1980), *aff'd*, 745 F.2d 47 (3d Cir. 1984) ......... 4, 5, 6

Lake v. Arnold,
   232 F.3d 360 (3d Cir. 2000) .............................................................................. 14

Paul v. UPMC Health System,
   2009 U.S. Dist. LEXIS 19277 (March 10, 2009, W.D. Pa.) ............................. 12

Pignataro v. Port Authority,
   593 F.3d 265 (3d Cir. 2010) ................................................................................ 9

Shaw v. Prentice Hall Computer Publishing, Inc.,
   151 F.3d 640 (7th Cir. 1998) ............................................................................. 13

Smith v. Central Security Bureau, Inc.,
   231 F. Supp. 2d 455 (W.D. Va. 2002) ................................................................ 7

**STATUTES**

29 U.S.C. § 201, *et seq.* ................................................................................................ 10

29 U.S.C. § 216(b) ................................................................................................ passim

29 U.S.C. § 255(a) .......................................................................................................... 9

29 U.S.C. § 256 .............................................................................................................. 5

**OTHER AUTHORITIES**

29 C.F.R. § 516.2 .......................................................................................................... 12

29 C.F.R. § 516.3 .......................................................................................................... 12

29 CFR § 778.113 ......................................................................................................... 10

Civ. R. 7.1(f) ........................................................................................................... 14, 15

Fed. R. Civ. P. 15 ............................................................................................................ 4

## **PRELIMINARY STATEMENT**

Defendant moved to dismiss the First Cause of Action (FLSA violations) of Plaintiff's complaint on straight-forward basis: (1) Plaintiff's collective action under 29 U.S.C. § 216(b) is time-barred because Plaintiff failed to file a consent form within two years of the accrual of the action; (2) Plaintiff's complaint fails to set forth a dual-capacity claim (i.e., a claim individually and collectively) because Plaintiff specifically failed to seek relief "individually"; (3) the complaint fails to set forth sufficient facts to establish a willful misclassification under the FLSA to warrant application of a three (3) year statute of limitations; and (4) Plaintiff cannot establish a willful violation (i.e., knowing or reckless disregard for the applicability of the FLSA overtime provisions) because Pearson previously prevailed in a case where an editor challenged his exempt status.

Plaintiff's opposition fails to address these points and demonstrates a complete misunderstanding of the FLSA. Moreover, Plaintiff seriously misreads the case law cited in both Defendant's memorandum of law and his own brief, resorting to irrelevant "sound-bytes" from cases that simply do not support his legal arguments. Specifically, Plaintiff asserts: a consent-form need not be filed to commence a collective action under 29 U.S.C. § 216(b); the filing of a consent form relates-back to the original filing of the complaint; he need not plead claims

"individually" to proceed in an individual action under the FLSA; paying an employee on a salary basis alone is somehow unlawful or a "willful" violation of the FLSA; and "off-the-clock" case law is somehow relevant to whether Defendant classified Plaintiff improperly as exempt from the overtime provisions of the FLSA. Plaintiff's positions are expressly contradicted by the express terms of the FLSA and relevant case law, even the case law upon which Plaintiff relies.

Lastly, to the extent Plaintiff seeks to amend his complaint, the cross-motion is procedurally deficient. Specifically, Plaintiff failed to append a copy of the proposed amended complaint to the cross-motion. As a result, neither Defendant nor this Court can determine whether the contemplated amendment(s) adequately address the deficiencies outlined in Defendant's motion.

Accordingly, the Court should grant the pending motion to dismiss Plaintiff's complaint and deny any purported cross-motion to amend the complaint.

## POINT I

### PLAINTIFF STILL HAS NOT COMMENCED A COLLECTIVE ACTION UNDER THE FLSA AND ANY FUTURE CLAIM IS TIME-BARRED

As set forth more fully in Defendant's original memorandum of law (pp. 3-5), Plaintiff still has not commenced a collective action and his claim is time-barred by the two-year statute of limitations. In opposition, Plaintiff incorrectly asserts that he need not file a consent form to commence a collective

action under 29 U.S.C. § 216(b). Plaintiff also incorrectly asserts that filing a consent form in response to this motion "relates-back" to the original filing date of the complaint.

### A. A Plaintiff Must File A Consent Form To Commence A Collective Action Under 29 U.S.C. §216(b).

Plaintiff asserts that a named plaintiff is not required to file a consent form to commence a collective action but fails to cite to any statute or case law supporting the proposition. (Pb at p. 3 and 6). Moreover, Plaintiff's baseless or misleading assertion is contradicted by the plain language of the FLSA and long-standing case law.

The FLSA, for its part, expressly provides:

> "No employee shall be a party plaintiff to any such [collective] action unless he gives consent in writing to become such a party *and such consent is filed in the court* in which such action is brought."

29 U.S.C. § 216(b) (emphasis added). Many cases further explain that a plaintiff—even a named plaintiff—must file a written consent form with the court to commence a collective action. (See Defendant's Original Brief at pp. 5-6). The court in Cahill v. City of New Brunswick, 99 F. Supp. 2d 464, 478 (D.N.J. 2000)[1]—which Plaintiff relies upon in his opposition—explains the potential impact of a named plaintiff's failure to file a consent form:

---

[1] Plaintiff relies upon Cahill in support of his argument that a plaintiff who failed to file a consent form may still proceed with an individual claim under the FLSA. (Pb at p. 7)

3

> "it appears that not one of the purported plaintiffs, **whether named or unnamed** in the complaint, has ***filed*** such written consent form. Such omission raises a potential statute of limitations issue[.]"

Id. (emphasis added). Kuhn v. Philadelphia Electic Co., 487 F. Supp. 974, 975-77 (E.D. Pa. 1980), *aff'd*, 745 F.2d 47 (3d Cir. 1984), upon which the Cahill court relied, further explained that a collective action "shall be considered to have commenced [on] ***the date that the individual claimant's consent was filed***." Id. (emphasis added).

That Plaintiff allegedly executed a written consent form on March 7, 2011 is of no consequence to the analysis. Plaintiff's failure to ***file*** a written consent within the applicable two (2) year statute of limitations (explained more fully below) is fatal to his ability to be a party-plaintiff in a collective action under 29 U.S.C. § 216(b). Indeed, absent some demonstration or adequate pleading of a willful violation on the part of Defendant, Plaintiff's claims (individual or collective) are effectively time-barred by the statute of limitations.

    B.    <u>The Filing Of A Consent Form Does Not Relate Back To The Original Filing Date Of The Complaint.</u>

Plaintiff also incorrectly asserts that if he filed a consent form, it would "relate back" to the original filing date of the complaint. (Pb at pp. 4 and 6). In support of his position, Plaintiff relies generally upon Fed. R. Civ. P. 15 and Cahill. Plaintiff's position is puzzling as none of the aforementioned authorities supports the argument that the filing of a consent form relates back to the original

4

filing date of the complaint.

Lest there be any doubt, the Portal-to-Portal Act, which sets for the applicable statute of limitations for FLSA claims, clearly states that a collective action is deemed commenced:

> (a)  on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff *is filed on such date in the court* in which the action is brought; or
> (b)  if such written consent was not so filed or if his name did not so appear—on the subsequent date on which such written consent is *filed in the court* in which the action was commenced.

29 U.S.C. § 256 (emphasis added). The statute does not provide for any "relation back" to the original filing date of the complaint. See Fed. R. Civ. P. 15(c)(1)(A). Instead, a collective action is commenced upon behalf of a named plaintiff only upon the filing of a written consent with the court.

Cahill—upon which Plaintiff cites—reiterates this point in succinct fashion: "signed consents, if and when properly filed, will not 'relate back' to the original filing date of the complaint." Id. at 479. In Kuhn v. Philadelphia Electric Co., 487 F. Supp. 974 (E.D. Pa. 1980), a plaintiff similarly argued that "written consents relate back to the time of filing of" the original complaint. Id. at 975. The court, however, held "[s]igned consents filed after the filing of the complaint do not relate back to the date the complaint was filed." Id. The court, in the same opinion, reiterated its conclusion: "[a]s stated before, a consent filed after the

5

complaint has been held not to relate back to the filing of the complaint." Id. at 977.

Accordingly, Plaintiff's collective action has not yet commenced. It is, therefore, time-barred and any attempt to amend and/or file a consent form would prove fruitless unless Plaintiff plead sufficient facts to establish a willful violation, which he clearly has not and cannot given existing case law.

## POINT II

### PLAINTIFF FAILED TO PLEAD A CAUSE OF ACTION FOR INDIVIDUAL RELIEF UNDER THE FLSA

Not only did Plaintiff fail to commence a collective action under 29 U.S.C. § 216(b) by failing to file a written consent with the Court, his complaint does not state a claim for individual relief under the FLSA. Plaintiff, in opposition to the motion, wholly ignores Defendant's arguments and the case law cited. Instead, Plaintiff makes strained efforts to distinguish case law and focuses on the procedural status of cases rather than the sufficiency of the pleadings. Whether Plaintiff's arguments are an attempt to mislead the Court or simply a serious misreading of the cases, his position is simply not supported by applicable law.

As set forth more fully in Defendant's original memorandum of law (see pp. 6-9), Plaintiff failed to specifically plead an "individual" cause of action under the FLSA. Plaintiff instead mimicked the statutory language and plead only a collective action for relief "on behalf of himself and others similarly situated[.]"

6

See Certification of William J. Anthony ("Anthony Cert.") at Exhibit A, Complaint at caption, preliminary statement, and prayer for relief. Indeed, Plaintiff does not use the word "individual"[2] at any point in his complaint, conclusively establishing that the complaint seeks only collective relief under the FLSA.

Plaintiff blatantly misrepresents the holdings in the cases cited in opposition to Defendant's arguments. Specifically, Plaintiff asserts the court, in Smith v. Central Security Bureau, Inc., 231 F. Supp. 2d 455 (W.D. Va. 2002)[3] permitted an individual FLSA claim to proceed despite the fact that the plaintiff failed to file a consent form within the applicable statute of limitations. The plaintiff in Smith, however, filed a complaint expressly stating an FLSA claim *"individually and on behalf of all current or former employees*[.]" Id. at 458 (emphasis in original).

Likewise, in Frye v. Baptist Memorial Hospital, Inc., 2011 U.S. Dist. LEXIS 45605 (W.D. Tenn., April 27, 2011), the plaintiff argued he was not required to file a written consent to proceed with an FLSA claim because he filed an individual claim. Id. at *14-15. The court rejected the contention and held that the plaintiff failed to set forth a dual capacity claim (i.e., individually and on behalf

---

[2] Defendant is mindful that ¶ 20 discusses the "identities of the individuals" in reference to the class which Plaintiff seeks to represent through the within action.

[3] Plaintiff refers to the Western District of Virginia (a Fourth Circuit Court) as a "sister court" in an attempt to mislead this Court into believing the holding—which Plaintiff misconstrues—is somehow persuasive or binding on this Court.

of other similarly situated employees) because the plaintiff plead his FLSA claim—as Plaintiff does in our case—"on behalf of themselves and all other similarly situated" employees. Id. at *16. Specifically, the court explained that the plaintiff did not file the complaint "***individually*** and on behalf of others." Id. In short, the Frye court held that the plaintiff failed to assert an individual claim under the FLSA because the plaintiff simply mimicked the statutory language of 29 U.S.C. § 216(b) rather than expressly pleading an "***individual***" claim in the complaint. Id. Rather than address the pertinent holding in Frye, Plaintiff's opposition discusses irrelevant portions of the opinion concerning discovery, summary judgment, the willfulness of the alleged violations, the deadline for filing written consent forms, etc. (Pb at pp. 8-9)

Plaintiff also disingenuously asserts Cahill v. City of New Brunswick, 99 F. Supp. 2d 464 (D.N.J. 2000), stands for the proposition that a plaintiff who fails to file a written consent may proceed with an individual FLSA claim not asserted in the complaint. (Pb at 7). While Cahill permits the named plaintiffs—who failed to file written consents—to proceed on individual FLSA claims, the court **never addressed** the sufficiency of the pleading or whether the language in plaintiffs' complaint sufficiently stated an "individual" FLSA claim. Id. at 33-34. Indeed, based upon the opinion, it seems likely that the defendant never raised the issue on a motion to dismiss.

8

Simply put, Plaintiff failed to state an "individual" or dual-capacity claim under the FLSA. Accordingly, should the Court dismiss Plaintiff's collective action claim, the complaint does not state an "individual" FLSA claim and the First Cause of Action must be dismissed in its entirety.

### POINT III

### PLAINTIFF HAS NOT PLEAD SUFFICIENT FACTS TO EVEN SUGGEST A WILLFUL VIOLATION OF THE FLSA

Since Plaintiff plead only a collective action (see Point II) and that claim is time-barred by the applicable two-year statute of limitations (see Point I), he can only maintain the First Cause of Action (FLSA violations) if he establishes that Defendant willfully violated the FLSA thus entitling him to a three (3) year statute of limitations. See 29 U.S.C. § 255(a) ("a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued[.]") Put simply, Plaintiff must allege sufficient facts to establish that Defendant "knew it was violating the FLSA or had a reckless disregard for whether it was violating the FLSA." Pignataro v. Port Authority, 593 F.3d 265, 273 (3d Cir. 2010).

Plaintiff asserts that he sufficiently plead willfulness (Pb at pp. 4-6) as follows:

- Plaintiff also alleged in his complaint that he was "deliberately misclassified as a salaried employee." (Complaint at ¶ 1).

9

- Plaintiff asserted in his complaint that "plaintiff was expected to submit timesheets, but was instructed not to show more than 40 hours of work per workweek, regardless of hours he did in fact work." (Complaint at ¶ 3).

(Pb at p. 5). Neither contention, however, even suggests Defendant willfully violated the FLSA.

### A. Neither The FLSA Nor Any Other Law Prohibits An Employer From Paying An Employee On A Salary Basis.

Plaintiff asserts he plead sufficient facts to establish a willful violation of the FLSA by asserting Defendant "deliberately misclassified [him] as a salaried employee." See Anthony Cert., Exhibit A, Complaint at ¶ 1. The FLSA does not prohibit an employer from paying an employee (exempt or non-exempt) on a salary basis. 29 U.S.C. § 201, *et seq.* In fact, the Code of Federal Regulations provides specific guidance for compensating non-exempt salaried employees for overtime. See, e.g., 29 CFR § 778.113. Accordingly, the "deliberate" classification of an employee as "salaried" does not in any way suggest unlawful conduct on the part of Defendant, no less a "willful violation" of the FLSA.

### B. The Submission Of Timesheets And The Time Recorded Thereon Is Wholly Irrelevant To The Claims Asserted In the Complaint.

In one of the more perplexing portions of the opposition, Plaintiff asserts he sufficiently plead a willful violation of the FLSA by claiming he "was expected to submit timesheets, but was instructed not to show more than 40 hours

10

of work per workweek, regardless of hours he did in fact work." (Pb at 5). The cases cited by Plaintiff in support of his position are easily distinguishable from the instant matter.

In <u>Davis v. Abercrombie & Fitch Co.</u>, 2008 U.S. Dist. LEXIS 86577 (S.D.N.Y. 2008)[4], the plaintiffs were classified as "non-exempt" by the employer and managers allegedly instructed employees to falsify time-sheets so they would not receive overtime pay for hours worked in excess of forty. <u>Id.</u> at *7. <u>Brennan v. General Motors</u>, 482 F.2d 825 (5th Cir. 1973), likewise concerned allegations by employees who were classified as "non-exempt" but pressured by their superiors to understate the number of hours worked to avoid overtime payments. <u>Id.</u> at 827.

Here, Plaintiff alleges he was classified improperly as "exempt" from the overtime requirements of the FLSA. <u>See</u> Anthony Cert., Exhibit A, Complaint. Plaintiff, in fact, attempts to allege facts suggesting certain exemptions (e.g., the administrative and executive exemptions) do not apply:

> 18. All individuals in this class are paid by salary, perform their work according to known standards, work on production of the products and services of the company, and do not supervise others.

Accordingly, Plaintiff's submission of hours as a routine payroll function (rather than for purposes of actual timekeeping) is irrelevant to the issue

---

[4] A true and correct copy of <u>Davis v. Abercrombie & Fitch Co.</u>, 2008 U.S. Dist. LEXIS 86577 (S.D.N.Y. 2008) is attached to the Supplemental Certification of William J. Anthony as Exhibit A.

11

of "willfulness." Davis, Brennan, or any other case concerning alleged unrecorded hours or falsified timesheets by employees classified by the employer as ***non-exempt*** is wholly irrelevant.

29 C.F.R. § 516.3 explains that, with respect to an employee classified as ***exempt*** (i.e., Plaintiff), an employer is **not required** to maintain records regarding, *inter alia*, daily hours of work, weekly hours, total daily earnings, or total premium pay for overtime hours. See also 29 C.F.R. § 516.2; Paul v. UPMC Health System, 2009 U.S. Dist. LEXIS 19277, *35-36 (March 10, 2009, W.D. Pa.)[5] ("Since plaintiff is an exempt employee [...] defendant was not obligated to maintain records of the information that plaintiff claims should have been maintained.")

Simply put, Plaintiff has not alleged sufficient facts to demonstrate that Defendant knew or showed reckless disregard for whether it violated the FLSA by paying Plaintiff on a salary basis and allegedly instructing an employee—classified as exempt from the FLSA overtime requirements—to submit timesheets demonstrating forty hours of work per week.

---

[5] A true and correct copy of Paul v. UPMC Health System, 2009 U.S. Dist. LEXIS 19277, (March 10, 2009, W.D. Pa.) is attached to the Supplemental Certification of William J. Anthony as Exhibit B.

### C. Plaintiff Cannot Establish A Willful Violation Of The FLSA With Respect To Editors In Light Of The *Shaw* Decision Which Held In Favor Of A Pearson Trade-Name On The Classification Of An Editor.

Plaintiff misinterprets or intentionally mischaracterizes Defendant's arguments with respect to the impact of Shaw v. Prentice Hall Computer Publishing, Inc., 151 F.3d 640 (7th Cir. 1998). Defendant did not—and does not—assert that editors are presumptively exempt from the FLSA under Shaw, Donovan v. Reno Builders Exchange, 1984 U.S. Dist. LEXIS 20084 (D. Nev. 1984), or Adams v. St. John's River Shipbuilding Co., 69 F. Supp. 989, 992 (S.D. Fla. 1947). Instead, Defendant merely asserted that Plaintiff cannot establish a "willful" violation of the FLSA in light of the above-case law concerning the exempt status of editors. In particular, the Seventh Circuit, in Shaw v. Prentice Hall—a trade name for Pearson—held that a production editor was classified properly as exempt from the overtime requirements of the FLSA.

Defendant, therefore, asserted that Plaintiff—even if permitted the opportunity to amend his complaint—could not plead sufficient facts to demonstrate that Pearson "knew" it was violating the FLSA by classifying Plaintiff as exempt or had a reckless disregard for whether Plaintiff should have been classified as exempt. Plaintiff has not even made an attempt to plead facts that demonstrate or even suggest Defendant knew or should have known that classifying editors as exempt violates the FLSA.

13

## POINT IV

## THE COURT MUST DENY PLAINTIFF'S CROSS-MOTION TO AMEND THE COMPLAINT BECAUSE THE APPLICATION IS PROCEDURALLY DEFECTIVE

Although not labeled as a *cross-motion*, at several points throughout the opposition, Plaintiff asserts he "would request leave to amend his complaint" or specifically requests leave to amend the complaint. (Pb at 3); see also (Pb 4, 13, 14). L. Civ. R. 7.1(f), however, requires a party seeking leave to amend a pleading to "attach to the motion a copy of the proposed pleading or amendments and retain the original until the Court has ruled." Plaintiff has not done so.

The purpose of L. Civ. R. 7.1(f) is quite obviously to provide the Court the opportunity to analyze the sufficiency of the amended allegations to determine whether the proposed amendment(s) remedy deficiencies in the original pleading. See Glazewski v. Corzine, 2008 U.S. Dist. LEXIS 55470, *18 (July 22, 2008, D.N.J)(motion to amend denied where the plaintiff failed to append copy of proposed amended complaint)[6]; see also Lake v. Arnold, 232 F.3d 360, 373-374 (3d Cir. 2000)(motion to amend complaint properly denied where the plaintiff failed to append a copy of the proposed amendment). In Lake, the Third Circuit upheld the District Court's denial of a motion to amend a complaint where the

---

[6] A true and correct copy of Glazewski v. Corzine, 2008 U.S. Dist. LEXIS 55470, (July 22, 2008, D.N.J) is attached to the Supplemental Certification of William J. Anthony as Exhibit C.

14

plaintiff failed to append a copy of the proposed amendment. Id. at 373-374. The Court explained that "without [a] draft complaint, the District Court cannot evaluate the merits of a plaintiffs' request." Id.

Here, although Plaintiff informally asks for leave to amend the complaint, he has not filed a copy of the proposed amendment. Neither Defendant nor the Court can determine whether the contemplated amendment addresses any of the deficiencies outlined in Defendant's motion to dismiss. Accordingly, to the extent Plaintiff seeks leave to amend any of the claims asserted in the complaint, the Court must deny the cross-motion in accordance with L. Civ. R. 7.1(f).[7]

## CONCLUSION

As such, Pearson respectfully requests that the Court grant its motion to dismiss and deny Plaintiff's cross-motion to amend the complaint.

Respectfully submitted,

JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960

By: <u>William J. Anthony</u>
William J. Anthony
Gregory T. Alvarez

---

[7] If the Court grants leave to file an amended complaint, any amendment should be limited to individual—rather than collective—claims. Plaintiff concedes his claims are not suitable for a collective action as the determination of an employee's exempt status requires "a very individualistic appraisal of the plaintiff's job duties[.]" (Pb at 10).

15