NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROGER OCHOA, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PEARSON EDUCATION, INC.,<br><br>Defendant. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 11-cv-1382 (DMC-JAD) |

DENNIS M. CAVANAUGH, U.S.D.J.

This matter comes before the Court upon the motion by Defendant Pearson Education, Inc. ("Defendant") to Dismiss the Complaint of Plaintiff Roger Ochoa ("Plaintiff"), pursuant to FED. R. CIV. P. 12(b)(6). ECF No. 8. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendant's Motion is **granted**.

**I.      BACKGROUND**

This matter involves a collective action to recover unpaid wages, overtime, and other damages under the Fair Labor Standards Act, 29 U.S.C. §§ 201, 216(b) ("FLSA") and New Jersey Law. Compl. ¶ 1, ECF No. 1. Plaintiff worked for Defendant's publishing company as an editor from 1999 to 2004, and again from 2006 until March 31, 2009. Compl. ¶ 12. Plaintiff states that

he was improperly classified as a salaried employee, and estimates that he worked approximately sixty five hours per week, but was not paid at a rate of one and one half times his base hourly rate for hours over forty worked in a week. Compl. ¶¶ 13, 16. Defendant expected Plaintiff to submit time-sheets during his employment, but instructed Plaintiff to show no more than forty hours per workweek, regardless of the number of hours he did in fact work. Compl. ¶ 14. The Complaint asserts that Defendant's actions were willful violations of the FLSA, and that Defendant had no good faith basis for believing that its pay practices were in compliance with the law. Compl. ¶¶ 24, 25.

Plaintiff seeks to bring his first claim for relief on behalf of himself and the collective for failure to pay overtime properly in violation of the FLSA. Compl. ¶¶ 1, 17, 22. The proposed collective includes all editors of the level of "senior editor" and below in the hierarchy, including but not limited to senior editors, editors, associate editors, and assistant editors, employed by Defendant on or after the date three years before the filing of the Complaint. Compl. ¶ 17.

The second claim for relief sought in the Complaint is also for failure to pay overtime wages, brought under the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 ("NJWPL"). Compl. ¶ 28. Plaintiff has since stated that he brought his NJWPL claim in error, and that he intended to seek relief under the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a ("NJWHL"). Pl.'s Opp'n Br. 14, ECF No. 12.

Plaintiff filed his Complaint on March 11, 2011, but did not file a written consent to be a party-plaintiff in the collective action with this Court. Defendant filed the instant Motion to Dismiss on June 14, 2011. Plaintiff filed his Opposition on August 4, 2011. Defendant filed its Reply on August 11, 2011. ECF No. 15. The matter is now before this Court.

## II.     STANDARD OF REVIEW

In deciding a motion under Rule 12(b)(6), the district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. To survive a motion to dismiss, the complaint must state a plausible claim. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Thus, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Bell Atl. Corp., 550 U.S. at 555.

## III.     DISCUSSION

A.     FLSA Claim

Defendant seeks to dismiss Count One of the Complaint on a series of interlocking arguments. Defendant challenges Plaintiff's collective action by arguing that Plaintiff failed to file a written consent to be a party-plaintiff in the collective action within the two year statute of limitations period, and failed to plead willfulness with sufficient facts so as to justify a three year statute of limitations period. Def.'s Mot. Br. 3, 10. Further, Defendant argues it would be futile to grant Plaintiff leave to amend his Complaint in order to sufficiently plead willfulness. Def.'s Mot. Br. 14. Finally, Defendant argues that not only did Plaintiff fail to properly plead a collective action, he also did not sufficiently plead a cause of action in his individual capacity. Def.'s Mot. Br. 6.

Defendant's first argument, that Plaintiff failed to file written consent to join the collective action, relies on the unique requirements for filing collective actions under the FLSA. The FLSA permits collective actions to recover liability under its provisions, stating that any such action "may be maintained . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). To join such an action, an employee must give his or her consent in writing, and file this consent in the court in which the collective action is brought. Id. Causes of action under the FLSA must be commenced within two years after the cause of action accrued. 29 U.S.C. § 255(a). In causes of action arising out of willful violations, however, a three year statute of limitations period applies. Id. Importantly, collective actions under the FLSA are not considered commenced as to an individual claimant until that claimant files written consent to be a party-plaintiff. 29 U.S.C. § 256. In the instance in which a written consent is not filed concurrently with the complaint, therefore, the action is not considered commenced until the subsequent date on which the written consent is filed. 29 U.S.C. § 256(b).

"It is well settled that '[a] separate cause of action for overtime compensation accrues at each regular payday immediately following the work period during which the services were rendered and for which the overtime compensation is claimed.'" Henchy v. City of Absecon, 148 F.Supp.2d 435, 437 (D.N.J. 2001) (citations omitted). The last possible date of accrual for Plaintiff's cause of action, therefore, is March 31, 2009, the date that his employment with Defendant ended. Compl. ¶ 12. The two year statute of limitations period thus closed on March 31, 2011.

Plaintiff does not dispute that while he did file his Complaint within the two year statute of limitations period, he did not file a separate written consent to join the collective action. Pl.'s Opp'n Br. 3. Rather, Plaintiff argues that filing of the written consent form is not a requirement to pursuing

his action, and even if it were, this Court could permit Plaintiff to file it now and it would "relate back" to the filing date of his Complaint. Pl.'s Opp'n Br. 4. This argument is of no merit. Until Plaintiff files a written consent form with this Court, he is "not considered joined to a collective action and the statute of limitations on [his] claims is not tolled." Cahill v. City of New Brunswick, 99 F.Supp.2d 464, 479 (D.N.J. 2000) (citing Kuhn v. Philadelphia Elec. Co., 487 F.Supp. 974 (E.D. Pa. 1980)). Further, any such signed consent filed by Plaintiff would not "relate back" to the original filing date of the Complaint. Id. (citing Kuhn, 487 F.Supp. at 975). Plaintiff's collective action claims have not been commenced within the standard two year statute of limitations period, and such claims cannot be rescued by the "relation back" doctrine.

Plaintiff also argues, however, that his cause of action arises out of a willful violation of the FLSA, and thus a three year statute of limitations applies. Pl.'s Opp'n Br. 4. To warrant application of the three year statute of limitations, Plaintiff would have to show that Defendant "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 130 (1988). To satisfy the Iqbal pleading requirements, "it is insufficient to merely assert that the employer's conduct was willful; the Court must look at the underlying factual allegations in the complaint to see if they could support more than an ordinary FLSA violation . . . ." Mell v. GNC Corp., No. 10-945, 2010 U.S. Dist. LEXIS 118938 at *25-26 (W.D. Pa. Nov. 9, 2010) (citing Mitchell v. C&S Wholesale Grocers, Inc., No. 10-2354, 2010 U.S. Dist. LEXIS 68269 at *12 (D.N.J. July 8, 2010)).

The Complaint alleges that Plaintiff "was expected to submit timesheets, but was instructed not to show more than 40 hours of work per workweek, regardless of the quantity of hours he did in fact work." Compl. ¶ 14. In his opposition brief, Plaintiff additionally relies on allegations that

he was "deliberately misclassified as a salaried employee."[1]  Pl.'s Opp'n Br. 5.  Plaintiff also asks this Court to consider the context of his Complaint, wherein he proposed to bring this action on behalf of other similarly situated Plaintiffs who were employed by Defendant on or after the date three years before the filing of the Complaint, thereby referring to the three year statute of limitations period used when willfulness is properly alleged.  Pl.'s Opp'n Br. 5.  Based on these facts and circumstances, the Complaint states that "Defendant had no good faith basis for believing that their pay practices . . . were in compliance with the law," and that this "conduct constitutes a 'willful' violation of the FLSA . . . ."  Compl. ¶¶ 24, 25.

These allegations do not rise significantly above legal conclusions.  Plaintiff has not provided this Court with sufficient information to determine that Defendant showed reckless disregard for whether its pay practices violated the FLSA.  See, e.g., Mell, 2010 U.S. Dist. LEXIS 118938 at *26 ("Here, however, there are no factual allegations which would support a claim that the violations were willful, for example, reports of complaints to supervisors about having to work off the clock which were rebuffed or ignored"); Martin v. Selker Bros., Inc., 949 F.2d 1286, 1296 (3d Cir. 1991) (finding willfulness where Defendant told employee "hush up" concerns that there was a "fine line" regarding the legality of its pay practices).  Simply put, the facts alleged in Plaintiff's Complaint are insufficient to support a finding of willful violations of the FLSA.  The three year statute of limitations is therefore not appropriate in this case.

Plaintiff also argues that he filed his Complaint individually, as well as on behalf of others similarly situated, and as such, the written consent requirement does not render his individual claim

---

[1] While Plaintiff asserts that this language is contained in his Complaint, no such language appears in the Complaint filed with this Court.

barred by the statute of limitations.  Plaintiff cites to a District Court case from the Fourth Circuit for the proposition that "where the record reveals an intent to file an individual claim, and the individual claim is timely filed, it should be allowed to continue, notwithstanding the individual plaintiff's failure to timely file a consent to join the collective action."  Smith v. Cent. Sec. Bureau, Inc., 231 F.Supp.2d 455, 461 (W.D. Va. 2002); Pl.'s Opp'n Br. 7.  To this end, Plaintiff contends that based on the allegations referring to him personally, such as allegations "that he worked from 1999 to 2004 and then again from 2006 to 2009," it "only stands to reason" that Plaintiff sued in his individual capacity, as well as on behalf of the proposed collective.  Pl.'s Opp'n Br. 12.

      While authority from the Third Circuit is sparse, this issue has been thoroughly explored in a District Court opinion from the Sixth Circuit.  In Frye v. Baptist Mem. Hosp., Inc., the District Court considered an argument that the plaintiffs filed their claim individually and as a collective action, and that written consent was not required for the individual claim.  No. 07-2708, 2011 U.S. Dist. LEXIS 45605 at *14-15 (W.D. Tenn. Apr. 27, 2011).  The District Court noted that the plaintiffs only filed the action "on behalf of themselves and all other similarly situated hourly employees," and not "individually and on behalf of others."  Id. at *16 (emphasis added).  The District Court found that the language in the plaintiffs' complaint did not put the defendants on notice that the plaintiffs were seeking to file an individual action, since on the face of the complaint, only a representative action was asserted.  Id.  Similarly, the face of the Complaint in this action only asserts a representative action.  In both the caption and throughout its allegations, the Complaint consistently states that Plaintiff is brining his cause of action "on behalf of himself and others similarly situated."  Compl. ¶¶ 1, 22, 23.  The only time the word "individual" even appears in the Complaint is where the identities and facts of individuals within the proposed collective are

discussed. Compl. ¶¶ 18, 20. The Court therefore finds that Plaintiff did not plead his case in his individual capacity.

Defendant further argues that dismissal of the Complaint should be with prejudice, as granting leave to amend would be futile. Def.'s Reply Br. 13, 14. In arguing that permitting Plaintiff the opportunity to amend his Complaint would be futile, Defendant relies on Shaw v. Prenctice Hall Computer Publ'g, Inc., 151 F.3d 640 (7th Cir. 1998). In that case, the Seventh Circuit held that Prentice Hall (a trade name for Defendant in this action) properly classified a production editor as exempt. Id.; Def.'s Mot. Br. 14. Defendant therefore argues that Defendant could not have known or recklessly disregarded the applicability of the FLSA's overtime provisions to editors, when case law concerning one of Defendant's trade names supports the decision to classify Plaintiff as exempt. Def.'s Mot Br. 14; Def.'s Reply Br. 13. While this argument indicates a probability that any violation by Defendant was not willful, it does not completely foreclose the possibility that sufficient facts may exist to demonstrate reckless disregard on Defendant's part. As indicated by the Court's analysis in Shaw, determination of whether an employer properly classified an employee as exempt is a highly fact specific inquiry. 151 F.3d at 643. Therefore, the fact that a Seventh Circuit District Court held that Prentice Hall properly classified a production editor as exempt under the FLSA does not warrant dismissal of Plaintiff's claim with prejudice.

B.     NJWPL Claim

In Count Two of the Complaint, Plaintiff seeks compensation for failure to pay overtime under the NJWPA. As Plaintiff admits in his opposition brief, the NJWPA is not the proper statute under which to bring state law claims for failure to pay overtime. Pl.'s Opp'n Br. 14. Therefore,

Count Two of the Complaint, seeking relief under the NJWPA, is dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss the Complaint is **granted**.  Count One of the Complaint is **dismissed** without prejudice, and Count Two of the Complaint is **dismissed** with prejudice.

S/ Dennis M.Cavanaugh<br>
Dennis M. Cavanaugh, U.S.D.J.

Date:      January  12 , 2012
Orig.:     Clerk
cc:        All Counsel of Record
           Hon. Joseph A. Dickson, U.S.M.J.
           File